11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Richard L. Woods

Appellant

Vs.                   No.
11-03-00121-CR -- Appeal from Collin County

State of Texas 

Appellee

 

The jury convicted Richard L. Woods of the offense
of evading arrest while using a vehicle, which is a state jail felony under
TEX. PENAL CODE ANN. '
38.04 (Vernon 2003).  The jury then
assessed punishment at confinement for two years in a state jail facility.[1]  We affirm. 

In his sole issue on appeal, appellant argues that
he was denied the right to effective assistance of counsel at trial.  Appellant specifically complains that this
was trial counsel=s first
felony jury trial and that trial counsel failed to file any pretrial motions,
failed to ask any questions during voir dire, failed to request a limiting
instruction with respect to extraneous acts used to impeach appellant, failed
to ensure that the jury be required to find beyond a reasonable doubt that
appellant committed the extraneous acts, failed to file a motion for a hearing
under TEX.R.EVID. 404(b), failed to file an application for probation, failed
to inform appellant that the jury could not probate his sentence, failed to
investigate the case, failed to subpoena witnesses, and failed to explain the
State=s plea
offer to appellant.  








In order to determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770
(Tex.Cr.App.1999); Hernandez v. State, 726 S.W.2d 53, 55
(Tex.Cr.App.1986).  In order to assess
counsel=s
performance, we must make every effort to eliminate the distorting effects of
hindsight, to reconstruct the circumstances, and to evaluate the conduct from
counsel=s
perspective at the time.  We must indulge
a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance; and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v. State, 813 S.W.2d 503, 508‑09
(Tex.Cr.App.1991).

The record does not reflect that any pretrial
motions were filed by trial counsel. 
However, there is nothing in the record to suggest that appellant would
have benefitted from any such motions. 
Next, the record from voir dire shows that trial counsel did not
individually question the members of the voir dire panel but that he did ask
some questions to which he requested a Ashow
of hands.@  Trial counsel stated during voir dire that
his voir dire was relatively short because the prosecutor Aasked a lot of the same questions@ that he wanted to ask.  Additionally, although trial counsel did not
subpoena any witnesses in this case, appellant has not demonstrated what
witnesses should have been subpoenaed, what their testimony would have shown,
or even that there were any witnesses who could have testified favorably for
appellant.

The record reveals that the State did not
introduce evidence of any extraneous acts during its case-in-chief but that,
during the cross-examination of appellant, the State impeached appellant by
eliciting testimony that he had previously been convicted of various
crimes.  Such impeachment is permitted by
TEX.R.EVID. 609.  Although no limiting
instruction or an instruction regarding the burden of proof for extraneous acts
was given or requested, we are unable to conclude from the record on direct
appeal that trial counsel=s
failure to request such instruction constituted ineffective assistance of
counsel.  Ex parte Varelas, 45
S.W.3d 627, 632 (Tex.Cr.App.2001); Gone v. State, 54 S.W.3d 27 (Tex.App.
- Texarkana 2001, pet=n
ref=d). 
Like the records on direct appeal in Varelas and Gone, the
appellate record in the present case does not reveal why trial counsel failed
to request such instructions.  Therefore,
we cannot conclude that trial counsel=s
conduct fell below an objective standard of reasonable professional
assistance.  Moreover, appellant has not
shown that the result of the proceeding would have been different if a limiting
instruction or burden-of-proof instruction had been given.  








Finally, the record on direct appeal also does not
support appellant=s remaining
contentions regarding trial counsel=s
actions or lack thereof with respect to probation, the State=s plea offer, and trial counsel=s investigation of this case.  

The record does reflect that trial counsel
conducted voir dire, made an opening statement, cross-examined the State=s witnesses, lodged objections to the
prosecutor=s
questions, questioned appellant on direct and redirect examination, and made a
closing argument to the jury.  During the
entire trial, counsel presented appellant=s
defense of duress.  Appellant initially
pulled over to the side and stopped the vehicle he was driving when the police
turned on their lights.  According to
appellant, he drove away only after one of the passengers pulled out a gun,
pointed it at appellant, and said:  ADrive or I=m
gonna blow your head off.@  

We hold that appellant has
failed to show that trial counsel did not render reasonably effective
assistance or that the result of the proceeding would have been different but
for trial counsel=s
conduct.  Appellant=s issue is overruled.  

The judgment of the trial
court is affirmed.  

 

JIM R. WRIGHT

JUSTICE 

 

June 24, 2004

Do not publish.  See TEX.R.APP.P. 47.2(b). 

Panel consists of:  Arnot,
C.J., and

Wright, J., and McCall, J. 











[1]See TEX. PENAL
CODE ANN. ' 12.35 (Vernon 2003).